Brooks, Berne & Herndon PLLC.
101 Eisenhower Parkway – Suite 300
Roseland, New Jersey 07068
Phone: (201) 602-1433
By: Candace R. Johnson, Esq., 03858-2011
Attorney for Plaintiff,
AMERICAN SERVICE INSURANCE COMPANY, INC.

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STOUT'S II, INC., DENISE STEELE, GUARDIAN AD LITEM OF RUSSEL STEELE, JR., STOUT'S CHARTER BUS, STOUT'S CHARTER SERVICE, INC., STOUT'S TRANSPORTATION, STOUT'S TOUR WORLD, STOUT'S SERVICE CENTER, BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS, DONOVAN P. FOSTER, and JOHN DOES 1-10 (fictitious designations) <br><br> Defendant. | **Civil Action** <br><br> **Civil No.** <br><br> **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, AMERICAN SERVICE INSURANCE COMPANY, INC., ("ASIC"), by its attorneys, BROOKS, BERNE & HERNDON PLLC, as and for its Verified Complaint against defendants, respectfully alleges upon information and belief as follows:

**THE PARTIES**

1.      That at all relevant times, Plaintiff, ASIC, is an insurance carrier, with its principal place of business located at 953 American Lane, 3rd Fl, Schaumberg, Illinois, 60173 licensed to conduct business in the State of New Jersey.

2.      Defendant, Denise Steele, Guardian Ad Litem of Russel Steele, Jr., is a resident of the

State of New Jersey, residing at 210 Palm Avenue, Browns Mill, County of Burlington, New Jersey.

3.  That at all relevant times, Defendant, Stout's II, Inc. ("Stout's II") was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

4.  Defendant, Stout's Charter Bus, was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

5.  Defendant, Stout's Charter Service, Inc., was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

6.  Defendant, Stout's Transportation, was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

7.  Defendant, Stout's Tour World, was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

8.  Defendant, Stout's Service Center, was and still is a New Jersey Corporation with its principal place of business located at 20 Irven Street, Ewing, New Jersey 08638.

9.  Defendant, Burlington County Board of Chosen Freeholders, was and still is a government entity located at 49 Rancocas Road, Room 123, Mt. Holly, New Jersey 08060.

10. Defendant, Donovan P. Foster, is a resident of the State of New Jersey. Residing at 1701 Salem Road, Apt. D10, Burlington, New Jersey 08016.

11. Defendant, John Does 1-10 (fictitious designations), unknown residencies at this time.

## JURISDICTION

12. Plaintiff brings its complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as plaintiff is completely diverse to all defendants listed herein and the amount in controversy exceeds $75,000.

## FACTS APPLICABLE TO ALL COUNTS

13. On or about July 11, 2017 ("incident date"), a motor vehicle accident took place at

westbound Junction Road, at or near Pine Cone Drive, Pemberton Township, Burlington County ("subject accident").

14.     As a result of this subject accident, Denise Steele, Guardian Ad Litem of Russel Steele, Jr. filed a Complaint in Burlington County Superior Court of New Jersey, Docket Number BUR-L-001407-18, alleging that Russel Steele, Jr. sustained severe injuries while operating his motorcycle, when a bus operated by Donovan P. Foster collided into Steele's motorcycle at the intersection of Junction Road, at or near Pine Cone Drive, Pemberton Township due to Foster's failure to stop and yield to oncoming traffic. (See Complaint annexed hereto as Exhibit "A") ("underlying lawsuit"). The Complaint was filed against defendants Donovan Foster, Stout's Charter Bus, Stout's Charter Service, Inc., Stout's Transportation, Stout's Tour World, Stout's Service Center, Burlington County Board of Chosen Freeholders, and John Does 1-10 (fictitious designations), as plaintiff alleged that Foster negligently operated the subject bus that was owned/operated or maintained by defendants, Stout's Charter Bus, Stout's Charter Service, Inc., Stout's Transportation, Stout's Tour World, Stout's Service Center, Burlington County Board of Chosen Freeholders, and John Does 1-10 (fictitious designations). The Steele Complaint further alleges that the aforementioned defendants failed to meet their duties to act reasonably in hiring, training and retaining defendant Foster.

15.     On or about August 9, 2019, an Amended Complaint was filed in the underlying action, to assert claims of negligent retention, hiring and training of Defendant Donovan Foster against Defendant, Stout's II; and negligent ownership/maintenance and operation of the subject bus involved in the accident against Defendant, Stout's II. (*See* Amended Complaint annexed hereto as Exhibit "B").

16.     Steele alleges in the Complaint that all the defendants, including Stout's II, were careless, reckless and negligent with disregard for the safety of others, which caused Russel Steele Jr. to suffer severe bodily injuries on the incident date.

17.     It is undisputed that the vehicle operated by defendant Foster at the time of the subject

accident was a 2015 white Freightliner Bus with New Jersey license plate number OYB2941 and VIN No. 4UZADEDUXECF50262. (*See* Police Report annexed hereto as Exhibit "C"). This vehicle was registered to the Burlington County Board of Chosen Freeholders. Upon information and belief, the 2015 Freightliner was not owned or maintained by Stout's II.

## THE ASIC INSURANCE POLICY

18.     Prior to July 11, 2017, defendant Stout's II applied for and procured a policy of Business Automobile Insurance from plaintiff ASIC. Plaintiff ASIC issued such policy to defendant Stout's II. (The "Policy") (*See* ASIC's Insurance Policy annexed hereto as Exhibit "D").

19.     That said Policy was identified as Policy No. CA3185P2015 with an Effective Policy Period of September 20, 2016 to September 20, 2017. (*See* Exhibit "D").

20.     That the General Liability Declarations of said Policy listed Stout's II as the Named Insured covered under the Policy. (*See* Exhibit "D").

21.     The Policy provided liability coverage for bodily injury and property damage claims which: (i) were caused by an "accident" resulting from the ownership, maintenance or use of a covered "auto" (See, Exhibit "D", Section II – Covered Autos Liability Coverage, Paragraph A. Coverage); and (ii) were caused by an "insured" (See, Exhibit "D", Section II – Covered Autos Liability Coverage, Paragraph A. Coverage, Sub-Paragraph 1. Who Is An Insured, and Policy endorsement CBA 50 08 NJ 09 16 Who Is An Insured Redefined).

22.     More specifically, Section II (A) of the Policy, "BUSINESS AUTO COVERAGE FORM", states in relevant part, the following:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury' or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> However, we have no duty to defend any 'insured" against a "suit" seeking damages for "bodily injury" or "property damage"….to which this insurance does not apply.

(*See* Exhibit "D", Section II- Covered Autos Liability Coverage, Paragraph A.

Coverage).

23.    The Policy defines a "covered auto" at Section I (A)- Covered Autos, referencing

symbols set forth on the Policy declarations page. The Policy declarations page states that liability

coverage is provided for vehicles qualifying as covered autos Symbols 7, 8 and 9, which are described

below.

<u>SECTION I – COVERED AUTOS</u>

The relevant symbols that are applicable to this Policy, state the
following:

**Symbol 7**- Specifically Described "Autos"- Only those "autos"
described in Item Three of the Declarations for which a premium
charge is shown (and for Covered Autos Liability Coverage any
"trailers" you don't own while attached to any power unit described in
Item Three).

**Symbol 8**- Hired "Autos" Only- Only those "autos" you lease, hire,
rent or borrow. This does not include any "auto" you lease, hire, rent or
borrow from any of your "employees", partners (if you are a
partnership), members (if you are a limited liability company) or
members of their households.

**Symbol 9**- Non-owned "Auto" Only- Only those "autos" you do not
own, lease, hire, rent or borrow that are used in connection with your
business. This includes "autos" owned by your "employees", partners
(if you are a partnership), members (if you are a limited liability
company) or members of their households but only while used in your
business or your personal affairs.

(*See* Exhibit "D", Section I- Covered Autos, Paragraph A. Description of Covered
Auto Designation Symbols).

24.    The 2015 Freightliner involved in the subject accident was not listed under Item

Three of the Policy declarations page, and, therefore, does not qualify as a covered auto under

Symbol 7 ("Specifically Described Autos"; *See*, Exhibit "D", Section I – Covered Autos, Paragraph

A. Description of Covered Auto Designation Symbols, Symbol 7).

25.    The 2015 Freightliner involved in the subject accident was not leased, hired, rented or

borrowed by Stouts II, and, therefore, does not qualify as a covered auto under Symbol 8. (""Hired

Autos Only"; See, Exhibit "D", Section I – Covered Autos, Paragraph A. Description of Covered

Auto Designation Symbols, Symbol 8).

26.     The 2015 Freightliner involved in the subject accident was not, upon information and belief, used in connection with the business of Interested Party Defendant Stout's II, and, therefore, does not qualify as a covered auto under Symbol 9 ("Non-owned Autos Only"; See, Exhibit "D", Section I – Covered Autos, Paragraph A. Description of Covered Auto Designation Symbols, Symbol 9).

27.     The 2015 Freightliner involved in the subject accident does not qualify as a covered auto pursuant to any other Policy provision (i.e., under Section I – Covered Autos, Paragraph B. Owned Autos You Acquire After The Policy Begins, and Paragraph C. Certain…Temporary Substitute Autos; *See* Exhibit "D").

28.     In addition to the 2015 Freightliner not qualifying as a covered auto under the Policy, the driver of the 2015 Freightliner does not qualify as an insured under the Policy, pursuant to Policy endorsement CBA 50 08 NJ 09 16 Who Is An Insured Redefined.  This endorsement replaces the Policy definition of insured set forth at Section II – Covered Autos Liability Coverage, A. Coverage, 1. Who Is An Insured (*See* Exhibit "D"), and specifically describes an Insured as:

   a.  You [Stout's II] for any covered "auto," **but only** when the covered "auto" is driven by an approved driver described in paragraph "b" of this subsection.

   b.  Any driver authorized by a licensing body as taxicab driver, limousine driver, or driver of any other public livery vehicle, while operating a covered "auto" with your knowledge and consent under your operating authority. **Only such drivers listed by you, as of the date this policy begins, on the driver schedule in the original application signed by you, and not otherwise excluded are covered as of the date this policy begins**.

   c.  No coverage will apply to any new driver that you wish to place in service after the policy begins until you report that driver to us. Upon receipt, we will advise in writing that he or she is acceptable to us and identify that he or she is now considered by us to be an authorized driver covered by the policy. Use of a covered "auto" by an unauthorized driver prior to written approval is not covered under your policy. Coverage on any such driver newly placed in service will become effective as of the date and time specified by the notice advising they are acceptable. Coverage will not begin prior to the date and time specified.

(*See* Exhibit "D") (*emphasis added*).

29.     The Policy endorsement clearly and unequivocally requires that any and all drivers for Stout's II be listed and approved drivers to be covered under the Policy.

30.     Defendant Donovan Foster was not a listed on the Policy, was not approved by ASIC, and, therefore, does not qualify as an insured under the Policy.

31.     In addition, since defendant, Donovan Foster, does not qualify as an insured under the Policy, the named insured, Stout's II, also does not qualify as an insured with regard to the subject accident pursuant to the Policy endorsement CBA 50 08 NJ 09 16, Who Is An Insured Redefined, Section II, Paragraph 1., Sub-Paragraph "a." (*See* Exhibit "D").

## ASIC'S DISCLAIMER OF COVERAGE

32.     ASIC was advised of Steele's claims as alleged in the underlying lawsuit, including Steele's claims of bodily injury arising from the subject accident.  ASIC immediately undertook an investigation of the claims, and the subject accident, and a review of the Policy.

33.     Following its investigation and review of the Policy, ASIC concluded that: (i) the 2015 Freightliner was not a described vehicle, a qualifying hired vehicle, nor was it being used in connection with the business of Stout's II, when the subject accident occurred; (ii) the 2015 Freightliner, therefore, did not qualify as a covered auto under the Policy; (iii) Donovan P. Foster was not a listed or approved driver under the Policy at policy inception, or at any time prior to the subject accident; (iv) Donovan P. Foster, therefore, did not qualify as an insured under the Policy with regard to the subject accident; and (v) since Mr. Foster was not a listed or approved driver, Stout's II did not qualify as an insured under the Policy with regard to the subject accident.

34.     On July 22, 2019, ASIC issued its letter of Denial of Claim and Disclaimer of Coverage to Stout's II.  (A true copy of ASIC's July 22, 2019 letter is attached hereto as Exhibit "E").

## COUNT ONE

35.     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 34 above as if set forth fully herein.

36.     The Policy issued by Plaintiff ASIC to Defendant Stout's II clearly and unambiguously excluded liability coverage for bodily injury and property damage claims which arose from: (i) any accident which did not involve a covered auto; and/or (ii) any accident involving an unlisted and/or unapproved driver. (*See* Exhibit "D" provisions referenced above.)"

37.     In addition, the Policy specifically excludes coverage for Stout's II as a Named Insured, for bodily injury and property damage claims that arise from an accident involving an unapproved and unlisted driver of a "covered auto" under the Policy. (See Exhibit "D", Policy endorsement CBA 50 08NJ 09 16 Who is An Insured Redefined, Section II, Paragraph 1., Sub-Paragraph a).

38.     The vehicle involved in the subject accident was a 2015 Freightliner Bus with New Jersey license plate no. OYB2941 and VIN no. 4UZADEDUXECF50262 was not owned by Stout's II and was not used in connection with Stout's II's business. The 2015 Freightliner does not qualify as a "covered auto" under the Policy.

39.     Defendant Donovan Foster was not a listed and/or an approved driver under the Policy.

40.     Insurance policies are construed in accordance with principles that govern the interpretation of contracts; the parties' agreement will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled. *See Flomerfelt v. Cardiello*, 202 N.J. 432, 441(2010). Exclusionary clauses are presumed valid if they are specific, plain, clear, prominent and not contrary to public policy. *See Princeton Ins. Co. v. Chunmuang*, 151 N.J. 80, 95 (1997).

41.     Based upon the circumstances of the subject accident and the terms and conditions of the Policy, set forth above, the 2015 Freighliner does not qualify as a covered auto, and the defendants, Donovan P. Foster and Stout's II, do not qualify as insureds, and, therefore, the Policy does not provide liability insurance coverage for the bodily injury and/or property damage claims of defendant, Denise Steel, interposed as Guardian Ad Litem for Russel Steele, Jr., as set forth in the underlying lawsuit.

42.     Plaintiff ASIC seeks a declaratory judgment pursuant to N.J.S.A. § § 2A:16-50 to 2A:16-62, declaring, *inter alia*, that:

(a)  There is no insurance coverage for defendants Stout's II and Donovan Foster under the ASIC Policy for the claims of defendant Denise Steele, Guardian Ad Litem of Russel Steele, Jr. asserted under Docket Number BUR-L-001407-18, including but not limited to bodily injury benefits and property damage benefits resulting from the underlying July 11, 2017 accident;

(b)  That the Plaintiff, ASIC, has no duty or obligation to defend and/or indemnify the Defendant, Donovan P. Foster, and/or the Interested Party Defendant, Stout's II, for any and all claims and/or suits arising from the Subject Accident, including, without limitation, any and all claims interposed by Defendant, Denise Steele, Guardian Ad Litem of Russel Steele, Jr. in the underlying lawsuit;

(c)  Granting any other relief to the defendant that the Court may deem just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMERICAN SERVICE INSURANCE COMPANY, INC. prays as follows:

1.     For a declaration of the rights and legal obligations of the Plaintiff and the Defendants with regard to the subject accident and the Policy;

2.     For a declaration that Plaintiff, ASIC, has no duty to defend and/or indemnify the Defendant, Donovan P. Foster, and/or Defendant, Stout's II, in connection with any and all claims arising from the subject accident, including, without limitation, any and all claims asserted and/or interposed by Denise Steele, Guardian Ad Litem of Russel Steele, Jr. in the underlying lawsuit; and

3.     For such other and further relief this Court may deem just and proper.

DATED this __th day of November 2019.

## CERTIFICATION PURSUANT TO R. 4:5-1

9

The undersigned certifies that the matter in controversy is not the subject of any other action pending in any other court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known, necessary parties have been joined in this action.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, CANDACE R. JOHNSON, ESQ. is hereby designated as trial counsel for Plaintiff AMERICAN SERVICE INSURANCE COMPANY, INC.

Dated: 11/18/19

_____
Candace R. Johnson, Esq.
Attorney for Plaintiff
AMERICAN SERVICE INSURANCE COMPANY, INC.