UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMERICAN SERVICE INSURANCE CO., | : | |
| | | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | |
| | | Civil Action No. 19-20427 |
| v. | : | |
| DENISE STEELE, STOUT'S II, INC., STOUT'S CHARTER BUS, STOUT'S CHARTER SERVICE, INC., STOUT'S TRANSPORTATION, STOUT'S TOUR WORLD, STOUT'S SERVICE CENTER, BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS, DONOVAN P. FOSTER, and JOHN DOES 1-10 | : | |
| Defendants. | : | |
| STOUT'S II, INC., DONOVAN P. FOSTER, | : | Civil Action No. 20-1515 |
| Plaintiffs, | : | |
| v. | : | |
| AMERICAN SERVICE INSURANCE CO., | : | |
| Defendant. | : | |
| | : | **ORDER** |

These matters having come before the Court on several motions of the parties in the above captioned cases, which are related to tort action pending in the Burlington County Vicinage of the New Jersey Superior Court, Law Division, and include Motions to Dismiss filed in Civil Action Number 19- 20427 by the Burlington County Board of Chosen Freeholders [Dkt. No. 21], Stout's II, Inc. [Dkt. No. 22], and Donovan P. Foster [Dkt. No. 23] and Motion to Remand filed in Civil Action Number 20-1515 filed

by Stout's II and Donovan P. Foster [Dkt. No. 9]; and the Court having considered the written submissions of the parties, as well as the arguments advanced during the hearing on the motions on July 21, 2020, and for the reasons expressed on the record of that day, as well as those set forth below; and

The Court finding that in 2018, Denise Steele filed a complaint in the Burlington County vicinage of the Superior Court of New Jersey, Law Division against Donovan Foster, Stout's Charter Bus, Stout's Charter Service, Inc., Stout's Transportation, Stout's Tour World, Stout's Service Center, Burlington County Board of Chosen Freeholders, and John Does 1-10 (fictitious designations) for damages caused by a motor vehicle; and

The Court finding that at the time of the accident, Stout's II, Inc. was the named insured under a policy issued by American Service Insurance Company and that, as to the motor vehicle accident, American Service Insurance Company denied Stout's II's claims for coverage for defense of and indemnity related to the Steele tort case; and

The Court finding that American Service Insurance Company filed the above captioned declaratory judgment in this Court on November 18, 2019 under Civil Action, 19-cv-20427, seeking a determination, first pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A § 2A;16-50 then, as

amended on November 21, 2019, under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, et. seq, that that it owes no duty to defend or indemnify either Stout's II, Inc. or Donovan Foster under the policy for the Steele tort action; and

   The Court finding that on January 14, 2020, Stout's II and Foster filed a declaratory judgment action in the Burlington County Vicinage of the Superior Court of New Jersey, Law Division seeking a determination that they are entitled to a defense and indemnity under the policy issued to Stout's II by American Service Insurance Company with respect to Steele's tort action pending in the same court and that this action was removed to this Court on February 13, 2020; and

   The Court finding that The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers federal courts to grant declaratory relief, and that the Court's exercise of this declaratory relief power is discretionary, rather than compulsory, Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct. 1173, (1942);  Unionamerica Ins. Co., Ltd. v. Nufab Corp., 30 Fed. Appx. 30, 33 (3d Cir. 2002) (citing State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000)); and

   The Court finding, after consideration of the factors set forth by the United States Court of Appeals for the Third Circuit in Reifer v. Westport

Ins. Corp., 751 F.3d 129, 134–35 (3d Cir. 2014), that the exercise of jurisdiction is imprudent under the circumstances of this case for the reasons set forth on the record in the Court's oral Opinion and for the following reasons:

1. The insurance policy is ambiguous on the issues of coverage, specifically as to whether the subject vehicle was either owned or used in connection with the business of Stout's II and whether Foster was a covered driver in a manner which portends coverage; and

2. In order to make a determination as to the coverage issue, the Court must construe the ambiguous policy to resolve the questions of whether the vehicle was covered, whether the vehicle was properly used in the operation of his business, and/or whether Foster was driving with the consent of the owner in the operation of the business in a manner sufficient to have him come under the policy; and

3. Such determinations should be decided by the State Court, where the underlying tort case lays and the contours of some of these coverage issues are at play in the tort action; and

4. Federal courts should abstain from deciding insurance coverage issues where a state court has an overarching policy interest in applying its statutes to the issues at hand and where the public interest rests with the

state, as in this case where the third party claim in the underlaying tort action is brought under the New Jersey Tort Claims Act, one of the named defendants is the Burlington County Board of Chosen Freeholders, and New Jersey has an overriding interest in construing the State's omnibus liability coverage statute in a manner consistent with the public policy of assuring financial protection for the innocent victims of motor vehicle accidents in the state; and

5. There is an inherent conflict of interest between American Service Insurance Company's duty to defend in the State Court and its attempt to characterize the issues in the underlaying personal injury suit as falling within the scope of a policy exclusion; therefore

IT IS on this 23rd day of July, 2020 hereby

ORDERED that the Motions to Dismiss [Dkt. Nos. 21, 22, 23] in Civil Action Number 19-20427 are Granted; and it is further

ORDERED that the Motion for Remand [Dkt. No. 9] filed in 20-1515 is granted; Civil Action Number 20-1515 is Remanded to the Superior Court of New Jersey, Burlington County Vicinage, Law Division.

/s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge